# In the United States Court of Federal Claims

No. 22-575C

(Filed: June 29, 2022)

|  |  |
|---|---|
| **AIYDA MUHAMMAD**, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES**, | ) ) |
| *Defendant*. | ) ) ) |

## OPINION AND ORDER

**SOLOMSON, Judge**.

On May 23, 2022, Plaintiff, Aiyda Muhammad, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). On May 26, 2022, the Court stayed this action to evaluate the complaint for probable lack of jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 5.

For the reasons explained below, the Court dismisses Plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim for breach of contract. *See* RCFC 12(b)(1); 12(b)(6); and 12(h)(3).

For the purposes of this opinion and order, the Court assumes the factual allegations in Plaintiff's complaint are true.[1] In that regard, Plaintiff alleges that particular public officials, including various law enforcement and judicial officers, wrongfully retaliated against her. Compl. at 1-2. Plaintiff alleges retaliation in the form of violence, harassment, kidnapping, prolonged confinement, and malicious prosecution for choosing to "stand up for [her] religious beliefs, political views, and legal convictions." *Id.* at 1. Plaintiff alleges she has been "kidnapped, run off the road, spied on, followed, falsely accused, unlawfully arrested, tried and convicted, and mentally, physically and psychologically tortured and detained." *Id.* at 3.

---

[1] See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

Plaintiff seeks monetary relief for cruel and unusual punishment, specifically while under suicide watch at Dauphin County Prison, located in Harrisburg, Pennsylvania. *Id.* at 2. Plaintiff also appears to seek monetary relief based on an alleged breach of an unspecified contract with the government. ECF No. 1-1 at 43, 47, 52, 59.

## I. JURISDICTION AND STANDARD OF REVIEW

Aiyda Muhammad is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) (citing *Bernard v. United States*, 59 Fed. Cl. 491, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004)). "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). In the absence of subject-matter jurisdiction, the Court "must dismiss the claim." *See Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing RCFC 12(h)(3)).

The Tucker Act, which defines the Court of Federal Claims' jurisdiction, "gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

## II. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

This Court lacks jurisdiction because Plaintiff's complaint identifies defendants other than the United States, alleges numerous tort and criminal claims not within the scope of this Court's jurisdiction, and fails to identify a separate source of substantive money-mandating law.

*First*, the Tucker Act limits this Court's jurisdiction to cases in which the United States is the only defendant. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Furthermore, "[w]hen a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007). Accordingly, to the extent that Plaintiff's complaint contains claims against parties other than the United States, the Court must dismiss the action for lack of subject-matter jurisdiction.

*Second*, the "language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort," *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008), and claims based on alleged violation of criminal statute or regulations, *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this Court lacks jurisdiction over claims alleging violations of the federal criminal code). This Court, therefore, must dismiss Plaintiff's claims sounding in tort, such as, but not limited to, her allegations of potential assault or battery, false imprisonment, and invasion of privacy. *Rick's Mushroom Serv.*, 521 F.3d at 1343. Additionally, this Court must dismiss Plaintiff's claims of violence, kidnapping, abuse, harassment, and prolonged confinement because they would require, if anything, adjudication under the federal criminal code. *Joshua*, 17 F.3d at 379.

*Third*, for a money-mandating claim, a plaintiff must identify a substantive provision of law supporting entitlement to monetary damages. *Mitchell*, 463 U.S. at 216. The substantive law must "fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Maine Cmty. Health Options v. United States*, -- U.S. --, 140 S. Ct. 1308, 1328 (2020) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). While Plaintiff requests monetary relief here, Compl. at 3, Plaintiff fails to identify any substantive law to vest this Court with jurisdiction over Plaintiff's claims. Plaintiff's complaint mentions two potential claims which borrow language from the Constitution. Compl. at 2. In particular, Plaintiff mentions her "religious beliefs" (potentially alluding to the First Amendment) and characterizes her treatment by various officials as "cruel and unusual" (potentially referencing the Eighth Amendment). *Id.* This Court lacks jurisdiction under each potential such theory.

This Court does not have jurisdiction over cases based on the First Amendment. *United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983). The First Amendment, "standing alone, cannot be . . . interpreted to command the payment of money." *Id*. at 887. Therefore, Plaintiff's invocation of the First Amendment does not transform her complaint into a proper money-mandating claim. Nor can the Eighth Amendment reasonably be understood to require payment of money damages. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (holding that "[t]he trial court was correct to dismiss the complaint" because "[t]he Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment" at least with respect to "the cruel and unusual punishments clause").[2]

Finally, Plaintiff generally appears, within the supporting materials attached to her complaint, to allege the breach of a government contract. ECF No. 1-1 at 43, 47, 52, 59. This Court has jurisdiction to decide breach of contract claims. 28 U.S.C. § 1491(a)(1). Nevertheless, the "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998).

Plaintiff generally alleges the existence of a contract between Plaintiff and the government. ECF No. 1-1 at 43, 47, 52, 59. After reviewing the complaint and accompanying miscellaneous documents Plaintiff provided, however, the Court cannot conclude that Plaintiff states a claim for breach of contract within this Court's jurisdiction. Instead, Plaintiff merely mentions the word "contract" in her supplemental documents. *Id*. Of course, "mere legal conclusions employing the right words to create a putative jurisdictional hook are pretextual and cannot create jurisdiction where none exists." *Wickramaratna v. United States*, 2022 WL 1124872, at *5 (Fed. Cl. Apr. 15, 2022). Simply claiming the existence of a contract — or that one was breached — without any supporting *factual* allegations, at a minimum requires dismissal for failure to state a claim, although in this case the allegations are so insufficient that dismissal for lack of jurisdiction is warranted. *Perry v. United States*, 2021 WL 2935075, at *3 (Fed. Cir. July 13, 2021) (affirming dismissal for lack of

---

[2] Plaintiff alleges in supplemental materials attached to her complaint that she never received notice of what appears to be a legal hearing. ECF No. 1-1 at 39. A generous interpretation of this claim may characterize it as an alleged violation of due process. Even if the Court were to adopt that interpretation, however, it "is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States,* 709 F.3d 1114, 1116 (Fed. Cir. 2013). Thus, even if Plaintiff never received notice from a federal court — and, again, it is far from clear that is what Plaintiff alleges here — the Court of Federal Claims does not have subject-matter jurisdiction to decide due process claims. *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

jurisdiction and failure to state a claim where there were no "factual allegations that there was a meeting of the minds between [plaintiff-appellant] and the agency"); *see also Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020) ("A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for lack of subject matter jurisdiction 'if the claim is wholly insubstantial and frivolous.'" (quoting *Lewis v. United States*, 70 F.3d 597, 602–04 (Fed. Cir. 1995))).

## CONCLUSION

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint pursuant to RCFC 12(b)(1) or, in the alternative, RCFC 12(b)(6). *See* RCFC 12(h)(3). The Clerk shall enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
**Matthew H. Solomson**
**Judge**